## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MAURICE B. WALTERS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civ. A. No. 1:25-cv-01638-ELR |
| | * | |
| CITY OF SUWANEE, BRANDON | * | |
| WARREN, and LOWE'S HOME | * | |
| CENTERS, LLC, | * | |
| | * | |
| Defendants. | * | |

## ANSWER OF CITY DEFENDANTS

Defendants City of Suwanee and Brandon Warren (collectively "City Defendants") file this Answer to the Plaintiff's Compliant as follows:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims against the City of Suwanee ("City") are barred by sovereign immunity or other governmental immunities.

### Third Defense

Plaintiffs' § 1983 claims against Brandon Warren ("Warren") fail as a matter of law because he is entitled to qualified immunity.

## Fourth Defense

Plaintiff's state law claims against Warren fail as a matter of law because he is entitled to official immunity.

## Fifth Defense

The City Defendants acted at all times in good faith to comply with applicable law and with reasonable grounds to believe that their actions did not violate any applicable law. Defendants further asserts a lack of malice, willfulness or intent to violate any applicable law in defense to the claims against them, including any claim for punitive damages or statutory penalties.

## Sixth Defense

Plaintiffs cannot recover from the City Defendants because the warrants issued for Plaintiff's arrest and prosecution were lawful and supported by probable cause.

## Seventh Defense

Warren asserts the defenses of privilege and any and all statutory defenses and immunities available to him as a public official under Georgia law.

## Eighth Defense

To the extent Plaintiff asserts any §1983 claim(s) against the City, such claim(s) fail as a matter of law because Plaintiff has not alleged, except in vague

and conclusory fashion, that he was deprived of any right, privilege, or immunity secured by the Constitution of the United States as a result of any municipal policy, procedure, practice, or custom of Defendants.

Ninth Defense

To the extent Plaintiff asserts any §1983 claim(s) against the City, such claim(s) fail because the Complaint fails to properly allege each and every element of the causes of actions that he attempts to raise against the City and fails to allege sufficient facts to support the claims asserted in conformance with the pleading standards set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Tenth Defense

Plaintiffs' claims for punitive damages against the City fails to state a claim upon which relief can be granted as punitive damages cannot be awarded against a municipality.

Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by laches, estoppel and/or waiver.

<u>Twelfth Defense</u>

To the extent Plaintiff seeks recovery form the City under state law for any alleged negligence, such claim(s) is(are) barred due his failure to timely send proper ante litem notice under O.C.G.A. §36-33-5.

<u>Thirteenth Defense</u>

Plaintiff cannot recover to the extent his injuries or damages were not proximately caused by the City Defendants.

<u>Fourteenth Defense</u>

Subject to the affirmative defenses asserted herein, the City Defendants deny each and every allegation in the Complaint, including all numbered and unnumbered allegations and any prayer(s) for relief, unless the same is expressly admitted herein.  The City Defendants further respond to the numbered allegations in Plaintiff's Complaint as follows:

<u>NATURE OF THE CASE</u>

1.    The City Defendants admit paragraph 1 contains Plaintiff's theory and contentions in this case, but they deny they committed any actionable wrongdoing and are otherwise without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 1.

<u>PARTIES</u>

2.      The City Defendants admit Plaintiff was a resident of Gwinnett County at the time of the warrant was issued for his arrest, but they are otherwise without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 2.

3.      The City Defendants admit the allegations in paragraph 3.

4.      The City Defendants admit the allegations in paragraph 4.

5.       The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 5.

<u>VENUE</u>

6.      The City Defendants admit the conduct which led to the issuance of the arrest warrant for Plaintiff occurred in this district and that venue is proper in this court; however, they otherwise deny the allegations in paragraph 6.

<u>JURISDICTION</u>

7.      The City Defendants admit this court has subject matter jurisdiction over the federal §1983 claim against Warren by virtue of 28 U.S.C. §§ 1331 and 1334(a)(3) & (4), and they further admit this court has supplemental jurisdiction over the state law claim asserted against Warren under 28. U.S.C. § 1367; however, these defendants otherwise deny the allegations in paragraph 7.

8.     The City Defendants admit this court has subject matter jurisdiction over the federal §1983 claim against Warren by virtue of 28 U.S.C. §§ 1331 and 1334(a)(3) & (4), and they further admit this court has supplemental jurisdiction over the state law claim asserted against Warren under 28. U.S.C. § 1367; however, these defendants otherwise deny the allegations in paragraph 8.

9.     The City Defendants deny Plaintiff provided timely ante litem notice for any negligence claim(s) against the City and thus deny paragraph 9 as alleged.

## FACTS

10.     The City Defendants admit that Warren was doing traffic patrol at or near the described location on the described date, at around 12:28 p.m., when he observed an SUV he believed to be white in color traveling at a high rate of speed, that is, 58 miles per hour (mph) in a 30 mph zone.  The City Defendants also admit Warren engaged his vehicle's blue lights and siren to make a traffic stop of the driver in the speeding SUV.  However, the City Defendants deny Warren knew the precise make and model of the SUV at that time and otherwise deny the allegations in paragraph 10.

11.     The City Defendants admit the SUV sped through the parking lot of the described Lowe's store and proceeded out of Warren's sight, but they are

otherwise without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 11.

12.    The City Defendants admit Warren discontinued his effort to make a traffic stop of the speeding SUV and believed the SUV had passed a FLOCK camera near Lowe's that would allow him to identify the vehicle's license tag and then identify its driver for purposes of further law enforcement action.  The City Defendants otherwise deny the allegations in paragraph 12.

13.    The City Defendants admit Warren went to Lowe's to obtain camera footage from the FLOCK camera and later left the store after leaving his business card so a manger with access to the FLOCK camera could contact him.   The City Defendants are otherwise without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 13.

14.    The City Defendants admit Plaintiff and his spouse went to the same Lowe's store during the noon hour on November 11, 2023, but they are otherwise without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 14.

15.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 15.

16.     The City Defendants admit Warren received a phone call from the described Lowe's employee, Bryan Haire, at a time shown on Warren's body camera of 12:44 p.m.  They further admit Warren was seeking video from the FLOCK camera and that he explained to Haire the reason why, namely that Warren expected it might show the vehicle, which he initially said was a white van, that had eluded his attempt to conduct a traffic stop at approximately 12:27 to 12:30 p.m. that same day.   The City Defendants admit Haire understood Warren's request and the reason for it, but they deny this paragraph accurately and completely sets forth all the communications between Warren and Haire and thus otherwise deny paragraph 16.

17.     The City Defendants admit Haire called Warren back at a time shown on Warren's body camera of 12:50 p.m., whereupon Warren explained he was looking for an SUV, not a van, and Haire then told Warren the speeding vehicle was an Audi and provided its tag number.  However, the City Defendants otherwise deny the allegations in paragraph 17.

18.     The City Defendants admit Warren was not able to view the FLOCK video firsthand while he spoke with Haire over the phone and that Haire, among other things, initially told Warren that he believed the driver appeared to be white or Hispanic, though Haire later told Warren that he was mistaken because he

8

thought a reflection was the driver when, in fact, it was not.   The City Defendants deny any remaining allegations in paragraph 18.

19.    The City Defendants admit that in the second phone call between Haire and Warren, Warren asked Haire if he could upload the FLOCK camera footage for him and that Haire said, "Unfortunately I can't," and went on to explain that he would need for his corporate office a formal request for the video on letterhead specifying the date and time of the desired FLOCK video being requested.  The City Defendants also admit Haire said he'd submit the request to "legal," but they otherwise deny any remaining allegations in paragraph 19.

20.    The City Defendants admit Haire told Warren that it'd probably be Monday before Warren received the FLOCK camera video but that Haire would, in the meantime, send a screenshot "unofficially" of the Audi SUV that sped through the parking lot and evaded the traffic stop.  The City Defendant also admit Haire told Warren he was providing the screenshot because he wanted Warren to have something in his hands.  The City Defendant deny any remaining allegations in paragraph 20.

21.    The City Defendants admit Warren received from Haire a photo of the Audi SUV that Haire had identified to Warren, but they are otherwise without

knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 21.

22.     The City Defendants admit that Warren performed a search of the Audi SUV's tag number after receiving it from Haire and discovered that Plaintiff and his wife, Monyetta Walters, were its owners, that Warren then searched for phone numbers of the two owners, and that Warren also made a phone call to Mrs. Walters and left a voice message for her.  The City Defendants are otherwise without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 22.

23.     The City Defendants admit Mrs. Walters called Warren back at a time shown on Warren's body camera of 1:30 p.m. and told Warren she was in the Audi SUV at the time, but the City Defendants are otherwise without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 23.

24.     The City Defendants admit the allegations in paragraph 24, except Warren asked Mrs. Walters, "Do you know where *your vehicle* is right now?" and not where "her vehicle" is located.

25.     The City Defendants deny paragraph 25 provides a fair, accurate and complete account of the conversation between Warren and Plaintiff and thus deny the allegations in paragraph 25.

26.     The City Defendants admit Warren followed up with Haire, who clarified that he had reviewed the images of the Audi SUV and told Warren he had been mistaken about race of the driver because Haire had actually seen a reflection rather than the driver.  The City Defendants otherwise deny the allegations in paragraph 26.

27.     The City Defendants admit Warren signed a Lowe's Evidence Release form which speaks for itself, but they otherwise deny the allegations in paragraph 27.

28.     The City Defendants admit Warren applied for two arrest warrants for Plaintiff, the contents of which speak for themselves.  The City Defendants deny any allegations regarding the contents of the two warrant applications to the extent they differ from the actual applications and otherwise deny the allegations in paragraph 28.

29.     Warren admits he submitted to Lowe's a formal request for the FLOCK camera footage and was later advised by a representative from Lowe's that the camera footage should be available around November 13, 2023.  The City

Defendants are without knowledge or information sufficient form of belief as to the truth of the remaining allegations in paragraph 29.

30.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 30.

31.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 31.

32.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 32.

33.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 33.

34.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 34.

<u>COUNT 1 [§ 1983 malicious prosecution against Warren only]</u>

35.    Responding to paragraph 35, the City Defendants reassert their responses to paragraphs 1-34 as if fully set forth herein.

36.    The City Defendants admit Warren applied for and was issued arrest warrants for violations of the cited statutes, but they otherwise deny the allegations in paragraph 36.

37.    The City Defendants deny the allegations in paragraph 37.

38.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 38.

39.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 39.

40.    Paragraph 40 is a statement of law that requires no response.  To the extent a response is required, the City Defendants deny paragraph 40 contains a complete and accurate statement of the applicable law and thus deny the same.

41.    The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations regarding injuries and damages allegedly suffered by Plaintiff, but they deny Warren committed aby actionable misconduct against Plaintiff and deny the remaining allegations in paragraph 41.

COUNT 2 [state law malicious prosecution against Warren only]

42.    Responding to paragraph 42, the City Defendants reassert their responses to paragraphs 1-34 as if fully set forth herein.

43.    The City Defendants admit Warren applied for and was issued arrest warrants for violations of the cited statutes, but they otherwise deny the allegations in paragraph 43.

44.    The City Defendants admit the allegations in paragraph 44.

45.     The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations regarding injuries and damages allegedly suffered by Plaintiff, but they deny Warren committed any actionable misconduct against Plaintiff and deny the remaining allegations in paragraph 45.

## COUNT 3 [negligence against Lowe's only]

46.     Responding to paragraph 46, the City Defendants reassert their responses to the allegations in paragraphs 1-34 as if fully set forth herein.

47.     The City Defendants admit the allegations in paragraph 47.

48.     The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 48.

49.     The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 49.

50.     The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 50.

51.     The City Defendants are without knowledge or information sufficient form of belief as to the truth of the allegations in paragraph 51.

## COUNT 4 [state law vicarious liability against City only]

52.     Responding to paragraph 52, the City Defendants reassert their responses to the allegations in paragraphs 1-34 as if fully set forth herein.

14

53.     The City Defendants admit Count 4 is alleged against the City only, but deny this claim is meritorious and otherwise deny paragraph 53.

54.     The City Defendants deny Plaintiff provided timely ante litem notice for any state law negligence claim(s) against the City and thus deny paragraph 54 as alleged.

55.     The City Defendants admit the City has a Member Coverage Agreement with the Georgia Interlocal Risk Management Agency ("GIRMA") that was in effect at the time of the events at issue in this lawsuit and admit the Agreement is a contract that speaks for itself, but they otherwise deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a conclusion of law that requires no response. To the extent a response is required, the City Defendants deny that paragraph 56 is an accurate and complete statement of applicable law and thus deny the same.

57.     The City Defendants deny the allegations in paragraph 57.

58.     The City Defendants deny the allegations in paragraph 58.

COUNT 5 [state law attorneys' fee claim against all Defendants]

59.     Responding to paragraph 59, the City Defendants reassert their responses to the allegations in paragraphs 1-34 as if fully set forth herein.

60.      The City Defendants deny the allegations in paragraph 60.

15

61.   The City Defendants deny the allegations in paragraph 61.

WHEREFORE, having fully answered, the City Defendants pray that they be dismissed or for a jury trial of 12 persons in this matter.

This 30th day of May, 2025.

/s/Scott W. Kelly
SCOTT W. KELLY
Georgia Bar No. 413115
*Attorneys for City Defendants*

OF COUNSEL:
FULCHER HAGLER LLP
P.O. Box 1477
Augusta, GA 30903-1477
Telephone:  (706) 724-0171
Fax:  (706) 396-3623
skelly@fulcherlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record

This 30th day of May, 2025.

s/ Scott W. Kelly
SCOTT W. KELLY