IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAURICE B. WALTERS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SUWANEE, BRANDON WARREN, and LOWE'S HOME CENTERS, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 1:25-cv-01638-ELR |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**This is a case alleging malicious prosecution under 42 U.S.C. § 1983 and alleging malicious prosecution and negligence under state law.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff Maurice Walters alleges that the Defendants wrongly identified him as the driver of a vehicle that sped through the Lowe's parking lot and eluded capture by the police despite the police having signaled for him to stop/pull over. He claims he was arrested for the offense five months later, on April 13, 2024, and was forced to stay in police custody until April 25, 2024. The**

**charges against him were dismissed by the Gwinnett County District Attorney's Office on July 16, 2024.**

(c) The legal issues to be tried are as follows: **Duty, breach, causation, proximate cause, and damages.**

> **Defendants City of Suwanee ("City") and Brandon Warren ("Warren") contend the legal issues in this case also include:**

- **Whether Warren is entitled to qualified immunity on Plaintiff's federal claim for malicious prosecution.**

- **Whether Warren is entitled to official immunity on Plaintiff's state law claim for malicious prosecution;**

- **Whether Warren acted without probable cause and maliciously.**

- **Whether the City had a policy, practice or custom that was the moving force of the alleged constitutional deprivation/violation claimed by Plaintiff;**

- **Whether the City had a policy, practice or custom that constituted deliberate indifference to Plaintiff's constitutional rights;**

- **Whether the City is entitled to sovereign immunity;**

- **Whether Plaintiff can prove all the essential elements of her claims in accordance with applicable law;**

- **Whether some or all of Plaintiff's claims are barred by the affirmative defenses asserted by Warren and the City in their Answer;**

- **Whether and to what extent the City and/or Warren proximately caused Plaintiff's claimed damages.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: **None at the time of filing this Joint Report and Preliminary Discovery Plan.**

(2) Previously Adjudicated Related Cases: **None.**

**2. This case is complex because it possesses one or more of the features listed below (please check):**

|  |  |  |
|---|---|---|
| ____ | (1) | Unusually large number of parties. |
| ____ | (2) | Unusually large number of claims or defenses |
| ____ | (3) | Factual issues are exceptionally complex |
| ____ | (4) | Greater than normal volume of evidence |
| _X_ | (5) | Extended discovery period is needed |
| ____ | (6) | Problems locating or preserving evidence |
| ____ | (7) | Pending parallel investigations or action by government |
| ____ | (8) | Multiple use of experts |
| ____ | (9) | Need for discovery outside United States boundaries |
| ____ | (10) | Existence of highly technical issues and proof |
| ____ | (11) | Unusually complex discovery of electronically stored information. |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| **Plaintiff:** | **Cary Stephen Wiggins** |
| | Wiggins Law Group, LLC |
| | 260 Peachtree St., NW |
| | Ste. 804 |
| | Atlanta, GA 30303 |
| | 404-659-2880 |
| | cary@wigginslawgroup.com |

**Defendant Lowe's Home Centers, LLC:**

        **Michael P. Manfredi**
        Wilson Elser Moskowitz Edelman & Dicker LLP
        3348 Peachtree Road N.E.
        Suite 1400
        Atlanta, GA 30326
        470-419-6650
        michael@manfredi@wilsonelser.com

**Defendant City of Suwanee:**

        **Scott Wayne Kelly**
        Fulcher Hagler LLP
        1 Tenth Street, Suite 700
        Augusta, GA 30903-1477
        706-724-0171
        skelly@fulcherlaw.com

**4.   Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

    \_\_\_\_\_ Yes       \_\_**X**\_\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined: **None currently identified.**

(b)  The following persons are improperly joined as parties: **Defendant Lowe's Home Centers, LLC filed a motion to dismiss.  Otherwise, improperly joined parties are currently identified.**

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  **No inaccuracies or omissions are currently identified.**

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:  **None currently identified.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.     **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Defendant Lowe's Home Centers, LLC objects to providing its initial disclosures in light of its pending motion to dismiss. A motion to stay is filed contemporaneously herewith.**

**Defendants Warren and the City intend to join Lowe's motion to stay as they submit that discovery should be conducted in a single phase rather than running the risk of being done in multiple phases should Lowe's motion to dismiss be denied.**

9.     **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

10.    **Discovery Period:**

The discovery period commences thirty days after the appearance of the first Defendant by Answer to the Complaint. As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**By Plaintiff: All allegations asserted in the Complaint.**

**By Defendants: Discovery is needed regarding the issues raised in Plaintiff's Complaint, Plaintiff's alleged damages, if any, and the defenses asserted in Warren and the City's Answer and Lowe's motion to dismiss.**

**The parties reserve the right to pursue discovery on additional subjects, as necessary, in compliance with the Federal Rules of Civil Procedure.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Defendants are filing a motion to stay proceedings contemporaneously with this Report.  Subject to the same and should the Court deny the motion to stay, Defendants join in the following response:

The Parties request that this case be assigned to an <u>eight-month</u> discovery track, beginning on the date the Court enters this Order.  The Parties anticipate needing longer than a 4-month discovery track based on the fact that this civil action is based on an anticipated need of multiple depositions.  Furthermore, all Parties will need a sufficient amount of time, also, to identify and prepare expert witnesses for trial.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Defendant Lowe's Home Centers, LLC contends that discovery should be stayed pending the outcome of its motion to dismiss the Complaint.  Otherwise, no changes are identified except for the Parties requesting that the case be placed on a six-month discovery track.

Defendants Warren and the City intend to join Lowe's motion to stay as they submit that discovery should be conducted in a single phase rather than running the risk of being done in multiple phases should Lowe's motion to dismiss be denied.

(b)     Is any party seeking discovery of electronically stored information?

  X  Yes      __ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties agree that if either party requests ESI, the parties will meet and confer regarding search terms and other parameters at the time any ESI discovery is requested and, to the extent possible, identify the custodian or type of custodian to be searched. If the party receiving the request does not have the ESI or cannot perform the search because the information or data is maintained by another custodian, the responding party shall provide that information to the extent it is within its possession, custody, or control. The parties agree to use their best efforts to confer regarding search parameters to attempt to limit the number of searches for the same ESI in advance of the ESI search.**

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**If any ESI is identified, then responsive, non-privileged information will be produced in a format that is accessible by the party receiving the ESI. This agreement is not intended to expand the parties' rights or duties under the Federal Rules of Civil Procedure and applicable case law. The parties reserve the right to seek protection and relief from the production of ESI as circumstances warrant.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

1. <u>Confidentiality Order</u>: **The parties may submit a consent confidentiality order.**

2. <u>Service by Email</u>: **For documents that are required to be served in accordance with Fed. R. Civ. P. 5, the parties consent to having those documents sent to their counsel of record by email or secure file transfer. Service of any document required to be served under Rule 5 is therefore effective if the serving party emails or sends that document by secure file transfer to the party's counsel of record provided the serving party does not receive confirmation that the document failed to reach its recipient.**

**The parties further agree to treat service by email as if it were traditional service by mail for the purpose of addition of the three additional mailing days under Fed. R. Civ. P. 6(d).**

**13.     Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **June 16, 2025**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff: Lead counsel (signature):**   */s/ Cary S. Wiggins*

**For Defendant Lowe's: Lead counsel (signature):** */s/ Michael P. Manfredi*

**For Defendants Warren and City of Suwanee: Lead counsel (signature):** */s/ Scott W. Kelly*

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

( **X** ) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

(c)     Counsel ( **X** ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date

of the next settlement conference is at the close of discovery as required by Local Rule 16.3.

(d)  The following specific problems have created a hindrance to settlement of this case. **The pending motion to dismiss the Complaint.**

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (___) do consent to having this case tried before a magistrate judge of this Court.

(b)  The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 7th day of July 2025.

**WIGGINS LAW GROUP, LLC**

*/s/ Cary S. Wiggins*
Cary Stephen Wiggins
Georgia Bar No. 757657
260 Peachtree St., NW
Ste. 804
Atlanta, GA 30303
TEL: (404) 659-2880
cary@wigginslawgroup.com
*Counsel for Plaintiff*

**FULCHER HAGLER LLP**

*/s/ Scott W. Kelly*
Scott W. Kelly

Georgia Bar No. 413115
1 Tenth Street, Suite 700
Augusta, GA 30903-1477
TEL: (706) 724-0171
skelly@fulcherlaw.com
*Counsel for Defendants City of Suwanee and Brandon Warren*


**WILSON, ELSER, MOSKOWITZ**
**EDELMAN AND DICKER, LLP**

*/s/ Michael P. Manfredi*
Michael P. Manfredi
Georgia Bar No. 784682
Jennifer S. Sands
Georgia Bar No. 458559
3348 Peachtree Road N.E., Suite 1400
Atlanta, Georgia 30326
(470) 419-6650
(470) 419-6651(Fax)
michael@manfredi@wilsonelser.com
jennifer.sands@wilsonelser.com
*Counsel for Defendant Lowe's Home Centers, LLC*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MAURICE B. WALTERS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:25-cv-01638-ELR |
| CITY OF SUWANEE, BRANDON WARREN, and LOWE'S HOME CENTERS, LLC, | |
| Defendants. | |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

 IT IS SO ORDERED, this _____ day of _____, 2025.

 _____
 ELEANOR L. ROSS
 UNITED STATES DISTRICT JUDGE