IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURICE B. WALTERS,     \*
                   \*
    Plaintiff,     \*
                   \*
vs.              \*    CASE NO. 1:25-cv-01638-ELR
                   \*
CITY OF SUWANEE, BRANDON \*
WARREN, and LOWE'S     \*
HOME CENTERS, LLC,     \*
                   \*
    Defendants.    \*

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION TO STAY
DISCOVERY AND CERTAIN PRETRIAL DEADLINES**

Lowe's accurately observes that the Court has broad discretion to control discovery.  [See Doc. 18-1 at 3-4.] But motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  The party moving for a stay of discovery, of course, has the burden of showing good cause and reasonableness.  See, e.g., Cuhaci v. Kouri Grp., LP, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021).

Lowe's cites a bellwether case, Chudasama v. Mazda Motor Corporation, 123 F.3d 1353 (11th Cir.1997), for the general proposition that "facial challenges to the legal

sufficiency of a claim or defense ... should be resolved before discovery begins."  [Doc. 18-1 at 4 (quoting Chudasama, 123 F.3d at 1367).]  Nothing in Chudasama, however, means "discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss." Arriaga-Zacarias v. Lewis Taylor Farms, Inc., No. 7:08-cv-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008).  "To determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'"  Id. (citation omitted).  To conduct this balancing, "it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to access the likelihood that such motion will be granted." Id.[1]

Lowe's is not the only defendant.  The plaintiff has sued the City of Suwanee and its police officer, Corporal Brandon Warren, as well.  Those defendants have answered the complaint and have served their initial disclosures.  [See Docs. 13 & 20.]  There is little reason, pragmatically

---

[1] Lowe's motion to dismiss has been fully briefed. [See Docs. 8, 14 & 15.]

-2-

speaking, to stay discovery in a civil case involving multiple defendants just because one wants a ruling on its 12(b)(6) motion.  Lowe's does not necessarily have the right of interlocutory appeal from the denial of a motion to dismiss, nor would discovery automatically be stayed during an appeal.  See, e.g., Zinski v. Liberty University, Inc., 761 F. Supp. 3d 916, 919-20 (W.D. Va. 2025).  Nor will resolving Lowe's motion to dismiss meaningfully narrow the scope of discovery because Lowe's will still be asked about the circumstances leading to the plaintiff's identification for arrest.  Cf. Khan v. New York City, 757 F. Supp. 3d 327, 336 (E.D.N.Y. 2024).  All it will do is hamper efforts (by all parties) to gather evidence while still fresh.

For all these reasons, the plaintiff asks the Court to deny Lowe's request for a global stay on discovery.

This 14th day of July, 2025.

Respectfully submitted,

BY: /s/ Cary Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 804
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone:  (404) 659-2880
cary@wigginslawgroup.com

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on today's date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this case:

Michael P. Manfredi, Esq.
michael.manfredi@wilsonelser.com

Jennifer S. Sands, Esq.
Jennifer.sands@wilsonelser.com

This 14th day of July, 2025.

BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 804
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (404) 659-2880
cary@wigginslawgroup.com