**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MAURICE B. WALTERS,           *
                              *
        Plaintiff,            *
                              *
    v.                        *           1:25-CV-01638-ELR
                              *
CITY OF SUWANEE, BRANDON      *
WARREN, and LOWE'S HOME       *
CENTERS, LLC,                 *
                              *
        Defendants.           *
                              *

_____

**ORDER**

_____

This case is before the Court on Motion to Dismiss, [Doc. 8], and Motion for Oral Arguments on Motion to Dismiss, [Doc. 9], by Defendant Lowe's Home Centers, LLC ("Lowe's"), [Doc. 8].

Because the Motion to Dismiss is fully briefed and addresses the issue in dispute, oral argument is not necessary to assist the Court. Accordingly, the Court denies the Motion for Oral Argument and takes up Lowe's Motion to Dismiss below.

## I.    Background

This case for wrongful arrest stems from an incident that occurred in the afternoon on Saturday, November 11, 2023, around a Lowe's retail store in Suwanee, Georgia ("the Store"). That afternoon, around 12:28 p.m., Corporal Brandon Warren,

an officer with the Suwanee Police Department, saw a speeding white Audi Q7. Compl. ¶¶ 4–5, 10 [Doc. 1]. The Audi drove through the Store's parking lot and turned onto a private road and out of Officer Warren's sight. Id. ¶ 11. Believing that the Audi had passed a FLOCK camera license plate reader in the Store's parking lot, Officer Warren went to the Store and left his business card and a message for the manager with access to the FLOCK system to call him. He left the Store around 12:34 p.m. Id. ¶ 12–13. At 12:47 p.m., Plaintiff Maurice B. Walters and his wife Monyetta Walters drove into the Store's parking lot, with Walters's wife driving their light-beige Audi Q8. Id. ¶ 14. Having made their purchase, the Walterses drove out of the Store's parking lot shortly after 1:00 p.m. Id. ¶ 14–15.

Around 12:44 p.m., the Store's Senior Asset Protection Manager, Bryan Haire, called Officer Warren as the Officer had requested. Compl. ¶ 16. Officer Warren explained that he had attempted to conduct a "traffic stop on a white van" at around the "12:27 to 12:30 time frame" and that the driver had sped away. Id. Around 12:50 p.m., having reviewed the parking lot video footage, the manager called Officer Warren back and told the Officer that he had seen the speeding vehicle. Id. ¶ 18. When Officer Warren asked if the manager could see the driver, the manager said that the driver "may" have been a white or Hispanic man. Id. The manager said that he could not send a link with the video footage to Officer Warren because Lowe's requires a formal request on police department letterhead for review by its legal

2

department, but he offered to "unofficially" send Officer Warrant a screen shot of the speeding vehicle's license tag. Id. ¶ 20. The manager sent to Officer Warren a single FLOCK photo of an Audi Q8 with Georgia Tag # CQX3130, indicating that the image was taken on November 11, 2023, at 5:47:44 p.m. Coordinated Universal Time (UTC), which is 12:47 p.m. Eastern Standard Time. Id. ¶ 21.

On searching the tag number, Officer Warran identified the Audi Q8 as owned by the Walterses and learned that Walters is African American. Id. ¶ 22. Officer Warren then called and left a message for Monyetta Walters, and Ms. Walters called Officer Warren back around 1:30 p.m. as she and Walters were pulling into their driveway. Id. ¶ 23. When Officer Warren explained that the Walterses' vehicle had evaded a traffic stop earlier in the day, Walters told him that he "got the wrong tag, or somebody gave you some wrong information." Id. ¶ 25.

Officer Warren then called the Store manager to clarify the race of the driver. Compl. ¶ 26. However, the manager had mistaken a reflection for a driver and told Officer Warren that he could not identify the race or sex of the driver. Id. Officer Warren then signed a Lowe's Evidence Release form for the Suwanee Police Department requesting the video and FLOCK for the Store's parking lot on "11/11/2023 at 12:47pm – 12:50pm." Id. ¶ 27. In the late afternoon on November 11, 2023, Officer Warren applied for two arrest warrants for Walters—one for speeding

between "11/11/2023 12:28:00 PM and 11/11/2023 12:33:00 PM" and the second for fleeing or attempting to elude a police officer. Id. ¶ 28.

Five months later, as the Walterses returned from a two-week Caribbean cruise, law enforcement detained Walters when the cruise ship docked in Orlando, Florida. Comp. ¶ 30. Deputies from the Brevard County Sheriff's Office took Walters to the Brevard County Jail on Officer Warren's arrest warrants. Id. ¶ 31. Walters was held in the Brevard County Jail for 11 days, until Gwinnett County Sherriff's Office deputies arrived and took him to the Gwinnett County Jail. Id. ¶ 32. Walters was released the next day, having spent 12 days in jail (from April 13, 2024, to April 25, 2024), and a few months later, the Gwinnett County District Attorney dismissed the charges against him. Id. ¶ 33–34.

Walters filed this action against Officer Warren, the City of Suwanee, and Lowe's. As against Lowe's, Walters alleges a claim for negligence based on the Store manager's sharing of the license plate number of the Walterses' Audi with Officer Warren. Lowe's seeks to dismiss that claim (Count 3) and Walters's request for attorneys' fees (Count 5), arguing that the Complaint fails to state a claim for negligence. [Doc. 8]. Walters opposes the Motion. [Doc. 14].

## II.    Legal Standard

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be

4

granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true the allegations set forth in the complaint, drawing all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); United States v. Stricker, 524 F. App'x 500, 505 (11th Cir. 2013). Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555); Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007).

"[A] pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief" to satisfy "the pleading requirements of Rule 8." Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citing Fed. R. Civ. P. 8(a)(2)). Additionally, to survive a Rule 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Put differently, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This so-called "plausibility standard is not akin to a 'probability requirement'"; rather, the plaintiff must allege sufficient facts such that

it is reasonable to expect that discovery will lead to evidence supporting the claim.

Id.; Twombly, 550 U.S. at 556.

**III.    Discussion**

Walters's negligence claim against Lowe's fails because Walters does not identify a cognizable duty that Lowe's owed to him.

> Under Georgia law, to state a claim for negligence, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

Shadow v. Fed. Express Corp., 860 S.E.2d 87, 90–91 (Ga. Ct. App. 2021) (cleaned up). "Thus, the threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff," a question of law. Sheaffer v. Marriott Int'l, Inc., 826 S.E.2d 185, 188 (Ga. Ct. App.) (cleaned up); Bray v. Watkins, 920 S.E.2d 379, 382–83 (Ga. Ct. App. 2025). "A legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of [the Georgia] appellate courts." Id. at 188 (cleaned up). Fundamentally, "[i]n the absence of a legally cognizable duty, there can be no fault or negligence." Id.

6

In response to Lowe's argument that Walters has failed to allege a cognizable duty that Lowe's owed to him under the circumstances alleged, Walters identifies two bases for Lowe's duty of care. First, according to Walters, a retail store "owes a duty to its customers to avoid incorrectly reporting to the police that the customer committed a crime." [Doc. 14 at 10]. Second, Walters maintains, when an entity "voluntarily undertakes a duty to help the police solve a crime . . . , it must do so with reasonable care." [Id. at 10]. Additionally, Walters clarifies that he does not propose that Lowe's internal policy on the sharing of video footage creates a legal duty,[1] but he maintains that the Store manager's violation of that policy is "illustrative of negligence." [Id. at 14–15].

Walters argues that Kroger Co. v. Briggs, 746 S.E.2d 879 (2013), supports the first bases for Lowe's duty. In Kroger, attempting to pay for his purchase with a $100 bill, the plaintiff, Briggs, asked a store representative for change. 746 S.E.2d at 880. When the counterfeit detection pen left a mark on the bill, the store manager called 911 to report that someone was trying to pass a counterfeit bill and to ask for the police. Id. A police officer arrived and arrested Briggs for forgery, but the charge against him was later dismissed. Id. at 881. Briggs sued Kroger for negligence and

---

[1] Indeed, the Georgia Court of Appeals "has rejected the idea that a company's internal policy and/or procedures manual can give rise to a legal duty owed to third parties." Hare Krishna Roswell Hotel, LLC v. Corsino, 892 S.E.2d 785, 789 (Ga. Ct. App. 2023).

the Georgia Court of Appeals affirmed the jury verdict in Briggs's favor. Id. at 879–880. The facts in Briggs do not align with the facts here. Unlike in Briggs, Lowe's did not contact the police to report that Walters had committed a crime. Rather, the Store manager answered Officer Warren's inquiry by providing information about a vehicle that appeared to match the description Officer Warren provided. The principle that Walters distills from Briggs, the principle that a business must avoid incorrectly reporting that a customer has committed a crime, does not bear on the facts at hand. Accordingly, Walters has failed to show that Lowe's owed him a duty under Briggs.

Next, Walters argues that Lowe's owed him a duty based on its voluntary undertaking. Under Georgia law,

> one who undertakes to do an act or perform a service for another has the duty to exercise care, and is liable for injury resulting from his failure to do so, even though his undertaking is purely voluntary or even though it was completely gratuitous, and he was not under any obligation to do such act or perform such service, or there was no consideration for the promise or undertaking sufficient to support an action ex contractu based thereon.

Monitronics Int'l, Inc. v. Veasley, 746 S.E.2d 793, 800 (Ga. Ct. App. 2013) (cleaned up). In Monitronics, a security alarm monitoring company failed to alert the plaintiff that her security alarm had triggered multiple times during the day. Id. at 796–97. Unbeknownst to the plaintiff, someone had broken into her home; the plaintiff was robbed, kidnapped, and raped. Id. at 798. Rejecting that argument that the defendant

8

had no duty beyond the terms of the contract, the Georgia Court of Appeals explained that a duty could arise based on the defendant's voluntary undertaking. The Monitronics court concluded that there was some evidence that the defendant owed the plaintiff an extra contractual duty that it breached because when the plaintiff called and spoke with the defendant's representative after her alarm triggered (for the last time) when she returned home, the representative misinformed her about the cause of that trigger and did not share that the alarm had triggered multiple times that day. Id. at 800. Unlike in Monitronics, the facts alleged here do not show that Lowe's voluntarily undertook a duty for Walters. Rather, it responded to an inquiry by Officer Warren. Thus, assuming that Lowe's voluntarily performed a service for Officer Warren, the Court perceives no basis to conclude that Lowe's owed a duty to *Walters* for its voluntary undertaking.

Last, Walters argues that Section 324A of the Restatement (Second) of Torts identifies an applicable duty. That Restatement provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965). This duty, however, applies where one party undertakes a service that it should know is for the *protection of a third party or that third party's things*. Here, Lowe's did not undertake a service for Officer Warren for Walkers's protection. Moreover, "by its plain terms, the Restatement Section in question subjects an allegedly negligent defendant to liability only for physical harm suffered by a third party." Krishna Roswell Hotel, LLC v. Corsino, 892 S.E.2d 785, 789 (Ga. Ct. App. 2023). Although Walters alleges that his arrest was wrongful and caused him to spend numerous days in jail, he does not allege that he suffered physical harm. See generally Compl. Accordingly, the duty identified by the Restatement does not apply to Lowe's under the facts of this case. And because Walters fails to identify a duty that Lowe's owed to him, his negligence claim against Lowe's fails. And because an attorney fees' claim requires an underlying claim, his claim for fees against Lowe's also fails.

For the above, the Court **GRANTS** Lowe's Motion to Dismiss, [Doc. 8], and **DENIES** its Motion for Oral Argument, [Doc. 9]. Accordingly, the Court **DISMISSES WITH PREJUDICE** Counts 3 and 5 as to Lowe's and, as no further issues remain pending, **DIRECTS** the Clerk to terminate Lowe's as a party to this action.

**SO ORDERED**, this 31st day of March, 2026.

_Eleanor L. Ross_

Eleanor L. Ross
United States District Judge
Northern District of Georgia